# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**SEAN COREY PINION,**

    **Plaintiff,**

vs.                                            **Case No. 1:09cv156-MP/WCS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. LOC. R. 72.2(D). It is recommended that the decision of the Commissioner be affirmed.

**Procedural status of the case**

Plaintiff, Sean Corey Pinion, applied for disability insurance benefits and supplemental security income benefits. His last date of insured status for disability

benefits was June 30, 2006.  R. 81.  Plaintiff alleges disability due to lymphangioma[1] (also known as cystic hygroma[2]), asthma, chronic depression, and epilepsy, with onset on May 7, 2005.  R. 86, 285.  Plaintiff was 24 years old at the time of the administrative hearing (on September 11, 2007), has a 12th grade education in special education classes, with some college, and has past relevant work as a short order cook, a janitor, and as a convenience store clerk.  R. 385, 391, 394, 396, 398, 286.

The Administrative Law Judge found that Plaintiff has the residual functional capacity to do a full range of light work with limitations regarding heights, climbing, balancing, stooping, kneeling, crouching, crawling, extreme temperatures, vibrations, fumes, and moving machinery, and "can understand, perform and carry out simple and repetitive tasks on a sustained basis."  R. 21.  He determined that Plaintiff can still perform his past work as a convenience store clerk and a short order cook, and thus is not disabled.  R. 26-27.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).  "Substantial evidence is more than a

---

[1] A lymphangioma is a benign tumor composed of newly formed lymph spaces and channels.  DORLAND'S MEDICAL DICTIONARY FOR HEALTHCARE CONSUMERS, available at: http://www.mercksource.com (Medical Dictionary link).

[2] A cystic hygroma is an endothelium-lined, fluid-containing lesion of lymphatic origin, encountered most often in infants and children and occurring in various regions of the body, most commonly in the posterior triangle of the neck, behind the sternocleidomastoid muscle (hygroma colli cysticum).  DORLAND'S MEDICAL DICTIONARY FOR HEALTHCARE CONSUMERS.

scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Commissioner's factual findings are conclusive if supported by substantial evidence." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240, n. 8 (11th Cir. 2004) (citations omitted). The court must give "substantial deference to the Commissioner's decision." Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). "A 'substantial evidence' standard, however, does not permit a court to uphold the Secretary's decision by referring only to those parts of the record which support the ALJ. A reviewing court must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." Tieniber v. Heckler, 720 F.2d 1251, 1253 (11th Cir. 1983). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

     A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).  A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Both the "impairment" and the "inability" must be expected to last not less than 12 months.  Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps.  20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?
2. Does the individual have any severe impairments?
3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?
4. Does the individual have any impairments which prevent past relevant work?
5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits.  A positive finding at step three results in approval of the application for benefits.  At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work.  If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy.  Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, the claimant must prove

that he or she cannot perform the work suggested by the Commissioner.  <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Legal analysis**

Plaintiff does not challenge any portion of the Administrative Law Judge's physical residual functional capacity finding.  He contends, however, that the determination of the ALJ that Plaintiff has the mental residual functional capacity to "understand, perform and carry out simple and repetitive tasks on a sustained basis," R. 21, is not supported by substantial evidence in the record.  Doc. 15, p. 4.

Plaintiff first argues that the opinion by Dr. Zelenka, a State Agency psychologist who reviewed the records, does not support this determination.  *Id.*  Dr. Zelenka found Plaintiff to be moderately impaired in his ability to understand and remember detailed instructions, to carry out detailed instructions, and to maintain attention and concentration for extended periods.  R. 253.  Dr. Zelenka also thought that Plaintiff retains adequate mental ability to carry out simple instructions and to relate adequately to others in a routine work setting, so long as he is given simple instructions and some allowances for occasional problems with attention and concentration.  R. 255.  Thus, Dr. Zelenka's opinion directly supports the conclusion that Plaintiff can "understand, perform and carry out simple and repetitive tasks on a sustained basis."

Other substantial evidence in the record supports the conclusion that Plaintiff has the mental residual functional capacity to do simple and repetitive tasks on a sustained basis.  During a general clinical evaluation of mental status by on September 8, 2005, Andres Nazario, Ph.D., concluded that Plaintiff appeared "able to concentrate, and able

to understand and follow directions. He appears able to interact with others appropriately." R. 238. Dr. Nazario conducted several mental status tests, and found that Plaintiff's memory, both recent and remote, was intact. R. 237-238. On January 31, 2006, Plaintiff's family practice treating physician, Dr. HansPeterson,[3] found that Plaintiff's mood, affect, thought process and content, concentration, and memory, were appropriate and intact, with no pathological features. R. 274. The physician also said that he thought that Plaintiff was able to sustain work activity for a full work week, and related that Plaintiff had said that he had quit work due to physical problems, not mental problems. R. 275. On February 8, 2006, Lance I. Chodosh, M.D., examined Plaintiff on a consultative basis. R. 285. Dr. Chodosh primarily focused upon Plaintiff's physical capabilities, but he said that Plaintiff was anxious but cooperative during the examination, and was able to comprehend and follow directions. R. 286, 288. Thus, Plaintiff's first argument is not persuasive.

Plaintiff also argues that this case must be remanded because a "Mental Residual Functional Capacity Assessment" is required by 20 C.F.R. § 404.1545(c) and is not in this record. Doc. 15, p. 5. Plaintiff contends that this mental assessment must be "completed by a consulting or treating psychologist." *Id.*, p. 6.

This argument is not persuasive either. 20 C.F.R. 404.1545(c) simply provides:

(c) Mental abilities. When we assess your mental abilities, we first assess
the nature and extent of your mental limitations and restrictions and then
determine your residual functional capacity for work activity on a regular
and continuing basis. A limited ability to carry out certain mental activities,
such as limitations in understanding, remembering, and carrying out

---

[3] The physician's name is gleaned from the ALJ's opinion, R. 24, referring to Exhibit 11F. The signature on the form is illegible.

instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. 404.1545(c). The regulations also provide that the Administrative Law Judge is responsible for making the mental residual functional capacity assessment at his stage of the process. 20 C.F.R. § 404.1546(c). The ALJ complied with these regulations. He made a determination of Plaintiff's mental residual functional capacity and that determination is supported by the substantial evidence in the record discussed above.

The findings of the Administrative Law Judge were based upon substantial evidence in the record and correctly followed the law. The decision of the Commissioner to deny Plaintiff's application for benefits should be affirmed.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **AFFIRMED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2010.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**